UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ROY CHAMBERS, JR., | ) |
| Plaintiff, | ) |
| v. | ) CV421-337 |
| WARDEN BROOKS L. BENTON, *et al.* | ) |
| Defendants. | ) |

# ORDER

*Pro se* plaintiff Roy Chambers, Jr. has filed this case alleging that Coastal State Prison provides disabled inmates, like himself, inadequate access to legal materials. *See* doc. 1 at 5. The Court granted him leave to proceed *in forma pauperis*. Doc. 4. He returned one of the required forms, doc. 7, and submitted a response that indicated he was unable to secure his account custodian's compliance in preparing and returning the other, doc. 8. The Court will accept his representations of his good-faith attempt to comply.[1] The Court, therefore, proceeds to screen his

---

[1] While the Court accepts Chambers' explanation for his inability to return the Prisoner Trust Account Statement in this case, it notes that he did return the Statement in another case filed in this Court. *See Chambers v. Benton*, CV421-002,

Complaint, pursuant to 28 U.S.C. § 1915A.  Because this Order resolves all pending issues in this case, his Motion for a Case Update is **GRANTED**.  Doc. 9.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Chambers' Complaint alleges that he "is a chronic care ADA inmate at Coastal State Prison." Doc. 1 at 5.  His disability prevents him from going to the law library. *Id.*  He also complains that the assignment of a single employee to manage the law library results in inmates' lack of access when that employee is unavailable. *Id.*  He also alleges, more generally, that "COVID-19, prison lockdowns, and prison quarantines . . ." have resulted in an unspecified "legal case [being] dismissed . . . ." *Id.*  He requests an injunction requiring the prison to provide electronic access

---

doc. 6 (S.D. Ga. Jan. 19, 2021).  The information provided on that form supports the conclusion that Chambers is entitled to proceed *in forma pauperis*.  *Id.*

to legal materials. *Id.* at 6. He also requests injunctive relief under the Americans with Disabilities Act. *Id.*

"The general rule is that a prisoner's . . . release from a jail moots his individual claim for declaratory and injunctive relief . . . ." *Robbins v. Robertson*, 782 F. App'x 794, 799 (11th Cir. 2019) (internal quotation marks omitted) (quoting *McKinnnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984)); *see also, e.g., Raby v. Adams*, 2020 WL 8172707, at *3 (S.D. Ga. Dec. 22, 2020), *adopted* 2021 WL 134621 (S.D. Ga. Jan. 13, 2021). A plaintiff who is no longer housed in a particular facility lacks standing to seek an injunction directed to his former place of incarceration or any of its employees. *Raby*, 2020 WL 8172707, at *3 (citing *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)). Such a plaintiff also lacks standing to seek injunctive relief on behalf of inmates still incarcerated.[2] *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). Claims for injunctive relief, whether sought under 42 U.S.C. § 1983 or the ADA, are equally moot. *See, e.g., Vosberg v. Humphry*, 2014

---

[2] Chambers does not clearly assert claims on behalf of other disabled inmates. *See generally* doc. 1 at 4-5. Even if he did, however, "[a]s a *pro se* litigant, [plaintiff] cannot bring an action on behalf of his fellow [disabled] inmates." *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014).

3

WL 533493, at *5 (M.D. Ga. Feb. 7, 2014) (concluding that plaintiff "lacked standing to seek the requested injunctive relief under both § 1983 and Title II of the ADA," after his transfer).

"[F]ederal courts cannot exercise jurisdiction over cases where the parties lack standing, or where the issue in controversy has become moot." *Florida Wildlife Fed'n, Inc. v. South Florida Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011). Chambers has informed the Court that he is no longer incarcerated at Coastal State Prison, but "is home on parole . . . ." Doc. 10 at 1. His request for injunctive relief related to the conditions at Coastal State Prison is, therefore, moot. Since the Court lacks jurisdiction, Chambers' Complaint, doc. 1, is **DISMISSED without prejudice**. *See, e.g., Simmons v. United States Postal Service*, 2022 WL 4639707, at *1 (11th Cir. July 15, 2022) (where "the district court lacked subject-matter jurisdiction, . . . it appropriately dismissed [the] complaint without prejudice."). The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 6th day of January, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA